NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUIPMENTFACTS, LLC, | CIVIL ACTION NO. 16-955 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| BEAZLEY INSURANCE COMPANY, INC., | |
| Defendant. | |

**EQUIPMENTFACTS, LLC** ("the Insured") brought this removed action ("Declaratory Judgment Action") in New Jersey state court against Beazley Insurance Company, Inc. ("BIC") for a judgment declaring that BIC is obligated to defend and indemnify the Insured in a state court action in Lee County, Florida ("Florida State Action"). (See dkt. 9 at 1–2.) The Court ordered the parties to show cause why: (1) the Declaratory Judgment Action should not be remanded to New Jersey state court for lack of subject-matter jurisdiction under 28 U.S.C. § 1332 ("Section 1332"); (2) the Declaratory Judgment Action should not be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"); or (3) the amended complaint should not be dismissed pursuant to the doctrine of Brillhart abstention. (See dkt. 9.) The Court assumes that the parties are familiar with the contents of the Order to Show Cause, and thus the Court will not repeat the facts or the legal

arguments set forth therein.  (See id. at 1–8.)  The Court has reviewed the responses of the parties.  (See dkt. 11; dkt. 14; dkt. 15.)

**THE COURT** intends to: (1) grant the Order to Show Cause to the extent that it concerns a transfer of venue; (2) vacate the Order to Show Cause to the extent that it concerns subject-matter jurisdiction; (3) vacate the Order to Show Cause to the extent that it concerns Brillhart abstention without prejudice; and (4) transfer the Declaratory Judgment Action to the United States District Court for the Middle District of Florida.

**THE PARTIES** have demonstrated that there is subject-matter jurisdiction under Section 1332 here.  (See dkt. 11 at 2–3; dkt. 14 at 4.)  Thus, the Court will vacate the Order to Show Cause to the extent that it addresses that issue.[1]

**BUT THIS COURT** intends to exercise the broad discretion under Section 1404(a) to transfer the Declaratory Judgment Action to the Middle District of Florida because: (1) the Florida State Action is ongoing in the region that it serves; (2) the conduct underlying the allegations at issue occurred there; (3) a Florida district court will have more of an interest in, and be more familiar with, the conduct; and (4) Florida law may control, and thus will be easily applied there.  (See dkt. 9 at 4–5.)  In addition, it will be easier for a federal district court in the Middle District of Florida to coordinate the litigation in the Declaratory Judgment Action with the litigation in the Florida State Action.  Furthermore, the Insured's New Jersey citizenship is not controlling.  (See id. at

---

[1] The Insured's argument concerning the amount in controversy is spurious.  (See dkt. 14 at 4.)  The Court will not address it.

5.) The Court notes that BIC "has no objection to transfer to the United States District Court for the Middle District of Florida." (Dkt. 11 at 3.)

**THIS COURT**, for the reasons set forth in the Order to Show Cause, remains concerned that a federal district court should abstain from exercising jurisdiction over the Declaratory Judgment Action pursuant to Brillhart abstention. (See dkt. 9 at 5–7.) See Wilton v. Seven Falls Co., 515 U.S. 277, 280–90 (1995) (reaffirming Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)). But that concern would now be better addressed by a federal district court in the Middle District of Florida. See E. Coast Res. v. Town of Hempstead, No. 07-352, 2007 WL 2071724, at *1–4 (E.D. Va. July 16, 2007) (granting motion to transfer an action to federal court located in Eastern District of New York, and noting that Brillhart analysis would be addressed by the transferee court due to the existence of an underlying related New York state court action). Thus, the Court is vacating the portion of the Order to Show Cause concerning Brillhart abstention without prejudice.

**THE COURT** will transfer the Declaratory Judgment Action to the Middle District of Florida. The Court will issue an appropriate order.

    s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

**Dated:** April 7, 2016