UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EQUIPMENTFACTS, LLC,

   Plaintiff,

v.         Case No: 2:16-cv-265-FtM-99CM

BEAZLEY  INSURANCE  COMPANY,
INC.,

   Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on the parties' cross
Motions for Summary Judgment (Docs. ##60, 61) filed on October 31,
2016.  The parties filed responses in opposition to each other's
motion (Docs. ##65, 66) on November 14, 2016.  Both parties seek
judgment as to defendant's duty to defend pursuant to two almost
identical insurance policies.  Both parties agree that there are
no disputed issues of material fact which preclude summary judgment
for one of them, although they dispute who should prevail.  For
the reasons set forth below, the Court grants summary judgment in
favor of defendant.

**I.**

Equipmentfacts, LLC (plaintiff or Equipmentfacts) is a New
Jersey limited liability company which provides online auctions of
heavy equipment.  Beazley Insurance Company, Inc. (Beazley
Insurance) issued a "Professional and Technology Based Services,

Technology Products, Computer Network Security, and Multimedia and Advertising Liability Insurance Policy" to Equipmentfacts, under policy number V15RWX140601m, with a policy period of March 11, 2014 to March 11, 2015. (Doc. #60-2.)  A renewal policy was issued under policy number V15RWX150701, with a policy period of March 11, 2015 to March 11, 2016 (collectively, the Policies).[1]  (Doc. #60-3.)  The Policies are "claims made and reported" policies in which Beazley Insurance agreed to defend Equipmentfacts in lawsuits asserting certain types of claims, subject to certain enumerated exclusions.[2]

On or about February 20, 2015, Sham Zen Zou and Machine & Tool Co., Ltd. (collectively, "Claimants"), filed a Complaint against Equipmentfacts in state court in the Twentieth Judicial Circuit in and for Lee County, Sham Zen Zuo and Machine & Tool Co. Ltd. v. Equipmentfacts, LLC and Mike Miski d/b/a Allstar Auction Co., Case No. 15-CA-479 (the Underlying Action) alleging fraud, breach of contract, unjust enrichment, and conversion.  (Doc. #60-4.)  Equipmentfacts tendered the Complaint to Beazley Insurance, which denied coverage on or about April 13, 2015.  On August 21,

---

[1]In its Second Amended Complaint (Doc. #41) plaintiff contends that coverage is available under either the 2014-15 policy or the 2015-16 policy, and the parties agree that the relevant terms and conditions of the Policies are the same.

[2]The Policies also agree to indemnify Equipmentfacts, but indemnification is no longer an issue in this case. (Doc. #61, p. 3.)

2015, Claimants filed an Amended Complaint (the Underlying Amended Complaint) against Equipmentfacts in the Underlying Action alleging negligent misrepresentation and conversion. (Doc. #60-5.) Equipmentfacts provided the Underlying Amended Complaint to Beazley Insurance with a request that Beazley Insurance provide a defense and indemnification pursuant to the Policies. Beazley Insurance declined to provide Equipmentfacts a defense or indemnification. Beazley Insurance asserted that the allegations of the Underlying Complaint did not trigger coverage and, even if they did, coverage was barred by the Quality of Services Exclusion in the Policies.[3]

Equipmentfacts filed suit against Beazley Insurance in New Jersey state court, which Beazley Insurance timely removed to federal court in the District of New Jersey based upon diversity jurisdiction. The district court in the District of New Jersey *sua sponte* transferred the case to the Middle District of Florida, Fort Myers Division pursuant to 28 U.S.C. § 1404(a). Equipmentfacts, LLC v. Beazley Insurance Co., 2016 WL 1385292 (D. N.J. 2016). The operative pleading is now the Second Amended Complaint. (Doc. #41.) The sole remaining issue is whether Beazley Insurance had a duty to defend Equipmentfacts in the

---

[3]The Underlying Action is no longer pending, as a final judgment was entered in favor of Equipmentfacts on August 23, 2016. This declaratory judgment action is not moot because payment of the defense costs incurred by the insured is still at issue.

Underlying Action based upon the allegations in the Underlying Amended Complaint.  (Doc. #61, pp. 1, 3.)

## II.

### A. Choice-of-Law Analysis

As an initial matter, the parties dispute whether Florida or New Jersey law applies to the Court's interpretation of the Policies.  Beazley Insurance asserts that New Jersey substantive law applies.  Equipmentfacts favors Florida law, but argues that the law is the same in both jurisdictions.

This case was originally filed in state court in New Jersey, then removed to the District of New Jersey based upon diversity jurisdiction.  In a diversity action, a federal court must apply the substantive law of the forum state, which includes the choice-of-law principles of the forum state.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016); Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 402 (3d Cir. 2016).  Because the Policies do not contain a choice-of-law provision, the District of New Jersey would have applied the choice-of-law rules of the forum state (New Jersey) to determine which state's substantive law applied.  Id. at 403.  However, had the case remained in the District of New Jersey, that district court would not have addressed the choice-of-law issue unless there was an actual

conflict between the potentially applicable bodies of law.  On Air
Entm't Corp. v. Nat'l Indem. Co., 210 F.3d 146, 149 (3d Cir. 2000).

The case was transferred from the District of New Jersey to
the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).
The Middle District of Florida must apply the same law as would
the transferor court.  Ferens v. John Deere Co., 494 U.S. 516, 519
(1990).  Thus, this Court need not be concerned about the choice-
of-law issue unless there is an actual conflict in Florida and New
Jersey law.  In this case, there is not any material, actual
conflict.

## B. Substantive Legal Principles

The Third Circuit Court of Appeals has had several occasions
to summarize relevant New Jersey law.

> Under New Jersey law, the duty to defend is
> broader than the duty to indemnify.  The duty
> to defend is triggered by the filing of a
> complaint alleging a covered claim.  The
> complaint should be laid alongside the policy
> and a determination made as to whether, if the
> allegations are sustained, the insurer will be
> required to pay the resulting judgment, and in
> reaching a conclusion, doubts should be
> resolved in favor of the insured.

C.R. Bard, Inc. v. Liberty Mut. Ins. Co., 473 F. App'x 128, 134
(3d Cir. 2012) (internal citations omitted).

> An insurer has a duty to defend if the
> allegations in the complaint, on its face, are
> encompassed by the risks insured against by
> the policy.  Coverage is determined by the
> nature of the claim against the insured, not
> by how the underlying plaintiff chooses to

> phrase the complaint.  The duty to defend may
> arise even if the underlying complaint is
> meritless.   Insurance policies should be
> given their plain and ordinary meaning, but
> should be interpreted liberally in favor of
> the insured and strictly against the insurer.
> If a complaint is ambiguous it should be
> interpreted in favor of the insured.  When the
> underlying complaint contains multiple causes
> of action, the insurer has a duty to defend
> until every covered claim is eliminated.

Wimberly Allison Tong & Goo, Inc. v. Travelers Prop. Cas. Co. of Am., 352 F. App'x 642, 646-47 (3d Cir. 2009).  See also Arcelormittal Plate, LLC v. Joule Tech. Servs., Inc., 558 F. App'x 205, 209 (3d Cir. 2014).

Under Florida law, "[i]t is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.  The duty to defend must be determined from the allegations in the complaint."  Jones v. Florida Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442-43 (Fla. 2005) (citations omitted).  This duty to defend exists "even if the allegations in the complaint are factually incorrect or meritless."  Id. at 443. "If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit."  Category 5 Mgmt. Grp. LLC v. Companion Prop. & Cas. Ins. Co., 76 So. 3d 20, 23 (Fla. 1st DCA 2011).  Any doubt as to the duty to defend is resolved in favor of the insured. Id.

**III.**

**A. Pertinent Allegations of Underlying Action**

Plaintiff does not seek a declaratory judgment as to the original Complaint in the Underlying Action, which alleged claims of fraud, breach of contract, unjust enrichment, and conversion. (Doc. #60-4.)   Rather, plaintiff asserts that the Underlying Amended Complaint in the Underlying Action triggered coverage under the Policies.   (Doc. #41, ¶ 16.)   Additionally, plaintiff does not argue that coverage was triggered by the conversion claims, only the negligent misrepresentation claims.

The Underlying Amended Complaint against Equipmentfacts in the Underlying Action asserted that Claimants were the highest bidders for two bulldozers and a wheel loader in an auction of heavy equipment conducted by Equipmentfacts, and that Claimants wired payment directly to an account held by Allstar Auction Company as directed by Equipmentfacts, but that the equipment was never delivered.   The negligent misrepresentation counts further asserted that: Equipmentfacts conducted an auction as defined by Florida law; Equipmentfacts failed to require buyer's funds be deposited into an escrow or trust account pursuant to Florida law; Equipmentfacts negligently misrepresented that its auction was fast, reliable, secure, and surpassed the limitations of on-site auctions; the statements that the auction was "reliable and secure" was a material factor claimants relied upon in deciding to place

bids with Equipmentfacts and to send funds upon the award of a bid as directed by Equipmentfacts; Equipmentfacts' statements that its auction was reliable and secure were false since the auction did not comply with Florida Statute and there were no safeguards in place, such as an escrow or trust account, that made the bid reliable and secure; had Equipmentfacts exercised reasonable care it would have known its statements were false; Equipmentfacts intended that parties who qualified to place bids would rely on the statements regarding a reliable and secure auction; Claimants reasonably relied on Equipmentfacts' statement of security, and made a bid in an auction, which was accepted; and Claimants suffered loss as a result of Equipmentfacts' misrepresentations.

**B. The Beazley Insurance Policies Language - Duty to Defend**

The Policies provide that Beazley Insurance had the following duty to defend:

> The Insurer shall have a right and duty to defend, subject to the Limit of Liability, exclusions and other terms and conditions of this Policy, any **Claim** against the **Insured** seeking **Damages** which are payable under the terms of this Policy, even if any of the allegations of the **Claim** are groundless, false or fraudulent.

(Doc. #60-2, II.A) (emphasis in original). A "**Claim**" is defined to include "a demand received by any **Insured** for money or services, including the service of suit. . . ." (Doc. #60-2, VI.E.) "**Damages**" is defined as "a monetary judgment, award or settlement."

(Doc. #60-2, VI.H.)   It is beyond dispute that the Underlying Amended Complaint in the Underlying Action was a "claim" received by the "insured" for "damages."

The final requirement is that the claim against the insured must seek damages "which are payable under the terms of this Policy."   The Policies provide coverage under four separate insuring clauses, but plaintiff only relies upon one – Insuring Clause Section D, paragraph 9.   (Docs. #61, p. 7; #66, p. 9.) Section D is titled **"Multimedia and Advertising Coverage,"** and provides that Beazley Insurance agreed:

> To pay on behalf of any Insured:
>
> Damages and Claims Expenses, in excess of the Each Claim Deductible, which the Insured shall become legally obligated to pay because of liability imposed by law or Assumed Under Contract resulting from any Claim first made against any Insured and reported in writing to the Insurer during the Policy Period or Optional Extension Period (if applicable) arising out of one or more of the following acts committed on or after the Retroactive Date set forth in Item 6 of the Declarations and before the end of the Policy Period in the course of the Insured Organization's performance of Professional Services, Media Activities or Technology Based Services:
>
> . . .
>
>> 9. negligence regarding the content of any Media Communication, including harm caused through any reliance or failure to rely upon such content.

(Doc. #60-2.)   The following relevant definitions in the Policies are applicable:

> **"Media Activities"** means Media Communications and/or the gathering, collection or recording of Media Material for inclusion in any Media Communication in the ordinary course of the Insured Organizations' business.
>
> **Media Communication"** means the display, broadcast, dissemination, distribution or release of Media Material to the public by the Insured Organization.
>
> **"Media Material"** means information in the form of words, sounds, numbers, images, or graphics in electronic, print or broadcast form, including Advertising, but does not mean computer software.

(Id. at VI.J-L.)  Thus, Beazley Insurance has agreed to pay Claims for Damages which Equipmentfacts became legally obligated to pay because of liability imposed by law resulting from any Claim arising out of negligence regarding the content of any display, broadcast, dissemination, distribution or release of information in electronic, print or broadcast form by Equipmentfacts, including harm caused through any reliance or failure to rely upon such content, in the course of the Equipmentfacts's performance of Professional Services, Media Activities or Technology Based Services.

Comparing this duty to defend with the Underlying Amended Complaint readily leads to the conclusion that Beazley Insurance owed Equipmentfacts a defense in the Underlying Action as of the time of the filing of the Underlying Amended Complaint.  Under Counts IV and V, Claimants in the Underlying Action alleged (1) negligent misrepresentation, (2) against Equipmentfacts, (3) regarding the content, (4) of promotional materials for its auction

services, (5) upon which claimants relied, (6) to their financial detriment. Beazley Insurance admits that the alleged negligence "may trigger" Insuring Clause Section D, paragraph 9. (Doc. #60, p. 16.) The Court easily finds that it does trigger Insuring Clause D and the obligation to provide a defense in the Underlying Action from the time of the filing of the Underlying Amended Complaint.

### C. The Beazley Insurance Policies Language - Exclusion

Even with a claim that triggers coverage under Insuring Clause Section D, paragraph 9, Beazley Insurance need not provide coverage if the claim falls within one of its exclusion provisions. Although courts should narrowly construe exclusions to an insurance policy, "exclusions are presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." C.R. Bard, Inc., 473 F. App'x at 132. An insurer has no duty to defend if the allegations in the underlying complaint show the applicability of a policy exclusion. Essex Ins. Co. v. Big Top of Tampa, Inc., 53 So. 3d 1220, 1223-24 (Fla. 2d DCA 2011); State Farm Fire and Cas. Co. v. Tippett, 864 So. 2d 31, 35 (Fla. 4th DCA 2003). "Because they tend to limit or avoid liability, exclusionary clauses are construed more strictly than coverage clauses." Category 5 Mgmt. Grp., 76 So. 3d at 23.

Beazley Insurance asserts that the Quality of Services Exclusion precludes a duty to defend in the Underlying Action. This provision states as follows:

**V. EXCLUSIONS**

The coverage under this Insurance does not apply to **Damages** or **Claims Expenses** in connection with or resulting from any **Claim**:

. . .
G. For or arising out of or resulting from:

. . .
3. the failure of goods, products, or services to conform with any represented quality of performance contained in **Advertising; . . .**

(Doc. #60-2, V.G.3.)   The Policies define **"advertising"** as "material which promotes the product, service or business of the **Insured Organization** or others." (<u>Id.</u> at VI.A.)   Beazley Insurance asserts that the Underlying Action was a "Claim . . . for or arising out of or resulting from the failure of . . . services to conform with any represented quality of performance contained in Advertising," and thus is within this exclusion.

Thus, the issue is whether the Florida state law claims for negligent misrepresentation contained in the Underlying Amended Complaint are claims "for or arising out of or resulting from" the failure of Equipmentfacts auction services to conform with a represented quality of performance contained in its Advertising. The answer seems clearly yes.

"The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with." <u>Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.</u>, 913 So. 2d 528, 539-40 (Fla. 2005) (quoting <u>Hagen v. Aetna Cas. & Sur. Co.</u>, 675 So. 2d 963, 965 (Fla. 4th DCA 1996). This requires "some causal connection, or relationship but does not require proximate cause. <u>Id.</u> (quoting <u>Race v. Nationwide Mut. Fire Ins. Co.</u>, 542 So. 2d 347, 348 (Fla. 1989)). <u>See also</u> <u>Flomerfelt v. Cardiello</u>, 997 A. 2d 991, 1003 (N.J. Sup. Ct. 2010) (recognizing that the court has interpreted the "arising out of" language to mean "originating from," "growing out of" or having a "substantial nexus"); <u>Leitao v. Damon G. Douglas Co.</u>, 301 N.J. Super. 187, 193, 693 A.2d 1209 (N.J. Super. Ct. App. Div. 1997).

"To state a cause of action for negligent misrepresentation, a plaintiff must show: '(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely ... on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." <u>Howard v. Murray</u>, 184 So. 3d 1155, 1168 n.23 (Fla. 1st DCA 2015) (citation omitted). The negligent misrepresentation counts alleged that

Equipmentfacts made false statements about its services, i.e., its auctions of heavy equipment. Those false statements have origin in the quality or performance of the auctions. Specifically, advertising by Equipmentfacts asserted that the auctions were safe and reliable, which Claimants alleged were false statements. The basis for their allegation that these representations were false was that Equipmentfacts failed to comply with applicable Florida law regarding auctions, despite asserting that it was doing so. Contrary to plaintiff's argument (Doc. #66, p. 13), the negligent misrepresentation counts did not assert that the harm suffered by Claimants arose from the failure to have safeguards in place as required by the Florida statutes. The harm alleged in the negligent misrepresentation counts arose from the false statements in its advertising, evidence of which was the alleged non-compliance with Florida statutes. The negligent misrepresentation counts arise out of the alleged failure of the auction to conform to the represented quality or performance. Therefore, defendant's Motion for Summary Judgment is granted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Defendant's Motion for Summary Judgment (Doc. #60) is **GRANTED.**

2.   Plaintiff's Motion for Summary Judgment (Doc. #61) is **DENIED.**

3.     It is hereby declared that Beazley Insurance Company, Inc. did not owe a duty to defend Equipmentfacts, LLC in the matter of <u>Sham Zen Zuo and Machine & Tool Co. Ltd. v. Equipmentfacts, LLC and Mike Miski d/b/a Allstar Auction Co.</u>, Case No. 15-CA-479.

4.     Judgment is entered in favor of Beazley Insurance Company, Inc. and against Equipmentfacts, LLC.

5.     The Clerk is directed to terminate all pending deadlines and motions, enter judgment accordingly, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of January, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record